# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY GIBSON,<br><br>        Plaintiff,<br><br>   v.<br><br>FAMILY DOLLAR and JULIE SOLIZ,<br><br>        Defendants. | CASE NO. 1:19-cv-00214-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 5)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Lacey Gibson, is a prisoner in the custody of Fresno County Jail. On February 14, 2019, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint against Defendants Family Dollar and Julie Soliz purporting to allege a cause of action under 42 U.S.C. § 1983 ("Section 1983") for violation of his Fourth Amendment right to be free from unlawful seizure arising from his arrest for robbery. (Doc. 1.) On March 1, 2019, the undersigned screened the complaint, found that it failed to state a cognizable federal claim, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.)

On March 14, 2019, Plaintiff filed an amended complaint (Doc. 5), which is before the Court for screening. After screening Plaintiff's amended complaint, the Court finds that Plaintiff's allegations do not state a cognizable Section 1983 claim and leave to amend need not be granted, because Plaintiff will not be able to state a cognizable Section 1983 claim based on the events

alleged in this action. This action should therefore be dismissed.

### A. Screening Requirement and Standard

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B).

The Court's screening of the amended complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of the amended complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union*

*Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that on September 20, 2017, while shopping at the Family Dollar store in Fresno, California, he was approached by Defendant Julie Soliz, the assistant manager of the store, who began "willfully grabbing [Plaintiff's] affects." (Doc. 5 at 5.) Plaintiff alleges that as a result of Defendant Soliz's actions, he was "unlawfully charge[d] and arrested for robbery and is currently incarcerated for that charge." (*Id*. at 6.) Plaintiff seeks $480,000 in damages. (*Id*.)

### B. Plaintiff Fails to State a Claim Under Section 1983 Against Defendants Family Dollar and Julie Soliz

Like his original complaint, Plaintiff's amended complaint fails plausibly to allege that Defendants acted under color of state law—an essential element to the maintenance of a Section 1983 claim. Plaintiff may be able to pursue his claims in state court under California law, but he cannot state a cognizable claim against these defendants for violation of his federal rights, which justifies dismissal.

#### 1. Pertinent Law

To state a claim under Section 1983, a plaintiff must allege a deprivation of a constitutional right under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). An

individual defendant is not liable for a civil rights violation unless the facts establish that the defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains) (citation omitted). Supervisory personnel generally are not liable for civil rights violations on any theory of respondeat superior or vicarious liability in the absence of law imposing such liability. *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991); *Hansen*, 885 F.2d at 645–46. A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

      Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). While such private parties may a cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was properly attributable to the government. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Associates & Aldrich Co. v. Times Mirror Co.*, 440 F.2d 133, 134–36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government).

      The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983, if at the time of an alleged constitutional violation (1) the private actor

4

was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). Plaintiff has the burden to establish state action under one of the foregoing tests. *Florer*, 639 F.3d at 922; *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

Even when a private entity, such as Family Dollar, acts "under color of state law," it cannot be held liable under Section 1983 unless the entity itself caused the plaintiff's injuries—*i.e.*, the alleged wrongdoing was committed pursuant to "a policy, decision, or custom promulgated or endorsed by the private entity." *White v. Golden State Eye Ctr.*, No. CV 1–04–06645–JMR, 2009 WL 817937, *3 (E.D. Cal. Mar. 26, 2009); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) ("a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies"—*i.e.*, "a policy, custom or action by those who represent [the private entity's] official policy that inflicts injury actionable under § 1983") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978)). Nor can Section 1983 liability against a private entity be based solely on respondeat superior, *i.e.*, vicarious liability for the acts or omissions of the entity's employees. *White*, 2009 WL 817937 at *3; *Warwick v. Univ. of the Pacific*, No. C 08-03904 CW, 2010 WL 2680817, *8 n.11 (N.D. Cal. July 6, 2010) (citing cases)). A private employer is liable only "when the employer is the driving force behind the constitutional violations alleged against its employees, who are operating as state actors." *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006).

### 2. Defendant Soliz

Here, Plaintiff does not plausibly allege that the conduct of Defendant Soliz—a private variety store employee—amounted to state action under any of the foregoing tests.

First, under the "public function test," private individuals or entities are deemed to be state actors for purposes of Section 1983 when they perform a public function that is "both traditionally

5

and exclusively governmental." *Kirtley*, 326 F.3d at 1093 (citations and internal quotation marks omitted). Even assuming that Defendant Soliz suspected Plaintiff of shoplifting, the amended complaint does not plausibly allege that Defendant Soliz acted pursuant to an exclusive governmental function (*e.g.*, "the police power") at any time during her encounter with Plaintiff. *See, e.g., Kidd v. Marshalls of California*, LLC, No. SA CV 11–1536–PSG (PJW), 2012 WL 833027, *2 (C.D. Cal. Jan. 17, 2012) ("seizing and detaining shoplifters is not a traditional government function [under California law]") (citations omitted). *See also White v. Scrivner Corp.*, 594 F.2d 140, 142 (5th Cir. 1979) ("A merchant's detention of persons suspected of stealing store property simply is not an action exclusively associated with the state.").

Second, a private individual may be liable under Section 1983 if the individual commits constitutional violations as part of a conspiracy or joint action with a state actor. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.") (citation omitted); *Kirtley*, 326 F.3d at 1093 (private individual acts "under color of state law" where "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity"); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (private individual found liable under § 1983 based on conspiracy with state actor—*i.e.*, entry into "an agreement or meeting of the minds" with the police to violate plaintiff's constitutional rights) (citation and internal quotation marks omitted). Joint action requires "a substantial degree of cooperative action." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

Here, the amended complaint contains no allegations which plausibly suggest that Defendant Soliz cooperated in any way with a state actor, much less engaged in a conspiracy with any state actor, to violate Plaintiff's constitutional rights. *Cf., e.g., Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899–900 (9th Cir. 2008) (granting summary judgment in favor of defendant private employees of event organizer who requested that the plaintiff and other petition gatherers be removed from public sidewalk where the plaintiff presented no evidence that defendants "did anything more than summon police"); *Collins*, 878 F.2d at 1154–56 (court determined under joint

action test that defendants private women's health center and its employees who made citizen's arrests of antiabortion protesters did not act "under color of state law" where (1) impetus for the citizen's arrests came from the defendants, not the police; (2) "the police officer refused, after conducting an independent investigation, to arrest the protesters on his own authority"; and (3) "the police maintained a policy of neutrality in the dispute" between the defendants and the plaintiffs).

Finally, the amended complaint does not plausibly allege that Defendant Soliz's private conduct was effectively converted into government action due to governmental compulsion/coercion or a nexus between Defendant Soliz and any governmental entity. *See, e.g., Kirtley*, 326 F.3d at 1094 ("The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action.") (citation omitted); *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989) ("The nexus test inquiry asks 'whether there is a sufficiently close nexus between the State and the challenged action of the [private] entity so the action of the latter may be fairly treated as that of the state itself.'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

### 3. Defendant Family Dollar

Plaintiff's amended complaint also fails plausibly to allege that Family Dollar, a variety store, is liable under Section 1983 for any deprivation of Plaintiff's constitutional rights under color of state law. Plaintiff does not allege facts which plausibly suggest that Family Dollar maintained a policy, decision, or custom that violated Plaintiff's constitutional rights, much less one that may properly be attributed to the government for purposes of Section 1983. Nor does the amended complaint plausibly allege that Family Dollar was the "driving force" behind any constitutional violation committed while one of its employees was "operating as [a] state actor[]." *See Stanley*, 475 F. Supp. 2d at 1038; *White*, 2009 WL 817937 at *3; *see also Taylor*, 880 F.2d at 1045 ("There is no respondeat superior liability under section 1983.").

### III. CONCLUSION AND ORDER

Plaintiff's amended complaint fails to state a cognizable claim. When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district

7

court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the prior complaint, the undersigned advised Plaintiff that any amended complaint must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support his claims. Plaintiff has demonstrated that he is unable to marshal facts sufficient to constitute a cognizable federal claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his amended complaint. The granting of further leave to amend here would be futile. *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice based on Plaintiff's failure to state a cognizable claim without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 5, 2019**    /s/ *Sheila K. Oberto*
    UNITED STATES MAGISTRATE JUDGE

8